### NEW YORK, N. H. & H. R. CO.
### v.
### NEW ENGLAND FORWARDING CO., Inc.
### Civ. A. No. 1366.

United States District Court
D. Rhode Island.
Oct. 9, 1953.

William E. Boyle and William J. Carlos, Providence, R. I., for plaintiff.

Francis R. Foley, Pawtucket, R. I., for defendant.

CLIFFORD, District Judge (Specially Assigned).

This is an action by the New York, New Haven, and Hartford Railroad Company against the New England Forwarding Company, Inc., for alleged undercharges based on rates and weight on shipments between various points in Massachusetts, New York, and Rhode Island.

Briefly, the facts and history of the case are as follows: On May 7, 1952, the plaintiff filed a complaint against the defendant which simply alleged, apart from the jurisdictional allegations, that:

"Defendant owes plaintiff sixty thousand dollars representing undercharges on shipments of semi-trailers from Boston, Massachusetts, to Harlem River, New York; from Harlem River, New York, to Boston, Massachusetts, from Providence, Rhode Island, to Harlem River, New York, and from Harlem River, New York, to Providence, Rhode Island, between January 1, 1950, and May 1, 1952."

Thereafter, on June 30, 1952, the defendant filed a motion for a more definite statement alleging that said complaint was so vague, indefinite, uncertain, and ambiguous that it could not reasonably frame a responsive pleading thereto.

On September 4, 1952, the plaintiff filed a motion for inspection of documents. Attached to this motion were four exhibits, one of which was an affidavit of the Assistant Freight Traffic Manager of the New York, New Haven, and Hartford Railroad Company. It stated, in part, that,

"* * * the defendant did tender to the plaintiff semi-trailers for shipment to and from the points designated which defendant represented to be shipments of said United Transportation Company of Rhode Island, and further represented the gross weight to be as therein stated; that plaintiff did transport and deliver said shipments as directed; that your deponent has been advised by Edward L. Murphy, a representative of the Interstate Commerce Commission, that said representations made as aforesaid were untrue * * * all with the intent and purpose of obtaining a less rate and charge than applicable. * * * *"

These two motions filed by the defendant and plaintiff were heard on September 15, 1952. The plaintiff orally moved for leave to file an amended complaint. The Court granted plaintiff's motion for leave to amend and gave defendant 20 days from the time the amended complaint should be filed in which to answer. On defendant's objection, that plaintiff's motion for production of documents was premature, said motion was continued to October 6, 1953, for further hearing.

On September 16, 1952, the plaintiff filed an amended complaint which, apart from the jurisdiction allegations, alleged as follows:

"Defendant *as shipper and receiver* owes plaintiff sixty thousand dollars representing undercharges *based on rate and weight* on shipments of semi-trailers from Boston, Massachusetts, to Harlem River, New York; from Harlem River, New York, to Boston, Massachusetts; from Providence, Rhode Island, to Harlem River, New York, and from Harlem River, New York, to Providence, Rhode Island, between January 1, 1950, and May 1, 1952." (The italicized words indicate the amendments.)

Thereafter, the defendant filed an answer to the amended complaint which set up various defenses, one of which was based on a Statute of Limitations hereinafter referred to in paragraph 3 of the stipulation.

The case was further heard by the Court on the plaintiff's motion for the production of documents on December 15, 1952, and was continued for further hearing to January 5, 1953. Thereafter, on January 8, 1953, the defendant filed a motion to dismiss. The case was heard later in January, 1953, on the motion to dismiss and for the production of documents. On January 19, 1953, the motion to dismiss was denied without prejudice to assert the defenses at the trial. The plaintiff's motion for the production of documents was granted without prejudice to the defendant's right to object on trial to such parts as may not be applicable to the issues in the case.

On the 9th day of June, 1953, there was filed in said Court a stipulation as follows:

"(1) Defendant owes plaintiff $33,612.28, representing undercharges on shipments of semi-trailers as per statements of account hereto attached.

"(2) The sole issue to be determined by the court is what portion of said indebtedness, if any, is the plaintiff barred from recovering by the statute of limitations. The defendant waives all other defenses.

"(3) The applicable statute of limitations is Section 16, Paragraph 3(a) of the Interstate Commerce Act, 49 U.S.C.A. § 16 (3) (a).

"(4) The freight bill date is the date of delivery of the shipments.

"(5) In the event the court finds that no portion of said indebtedness is barred by said statute of limitations then judgment is to be entered for the plaintiff for $33,612.28, and costs.

"(6) In the event the court finds that the plaintiff is barred from recovery on shipments delivered 2 years prior to May 8, 1952 (date action commenced), then judgment is to be entered for the plaintiff for $27,861.33 and costs.

"(7) In the event the court finds that the plaintiff is barred from recovery on shipments delivered 2 years prior to September 16, 1952 (date amended complaint filed), then judgment is to be entered for the plaintiff for $20,059.53 and costs."

The plaintiff, in its brief, conceded,

"That in the instant action it is barred by the statute from recovery on shipments delivered two years prior to May 8, 1952 (date action commenced), in other words it is barred from recovering its charges on all shipments delivered prior to May 8, 1952".

Therefore with the elimination of Paragraph 5 of the stipulation, this Court need concern itself only with Paragraphs 6 and 7 in its ultimate decision.

On the issue as stated in Paragraph 2 of the stipulation the defendant contends that the original complaint purported to state a cause of action for alleged undercharges; that for all that appeared from the original and amended complaints, the plaintiff railroad itself may have been solely responsible for the alleged undercharges; that in light of the affidavit annexed to the plaintiff's motion for the production of documents, it appears that the plaintiff's cause of action is based on fraud; that this constitutes a new cause of action; that therefore plaintiff is barred from recovery on shipments delivered two years prior to September 16, 1952, the date the amended complaint was filed.

On the other hand, the plaintiff contends that the amended complaint did not constitute a new cause of action; that the amendment merely explained, expanded, bettered, and amplified what was alleged in support of the cause of action already asserted; that the amendment relates back to the filing of the original complaint; and that, therefore, the plaintiff is only barred from recovery of shipments delivered two years prior to May 8, 1952, the date the original complaint was filed.

■ Fraud, is a special matter that must be pleaded with particularity. Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

■ General allegations are insufficient and enough facts must be set out to apprise the adversary as to what acts are relied upon as constituting fraud or mistake. Thus, in suits for conspiracy and fraud, it is necessary that there be greater detail in the allegations of facts than in any other suits. Federal Practice and Procedure, Baron and Holtzoff, Rules Edition, pp. 542, 543.

In the instant case, neither the original nor the amended complaint alleges or sets forth any facts pertaining to fraud. The defendant itself states in its brief, "Again, for all that appears from the amended complaint, the plaintiff itself may have been solely responsible for the undercharges." It adds, however, "But in the light of the affidavit annex-

ed to the plaintiff's motion for the production of documents, it appears that the plaintiff's cause of action is one based on fraud."

The only reference to fraud in this entire matter is contained in an affidavit of an employee of the plaintiff which was attached to a motion for the production of documents and filed nearly two weeks before the complaint was amended. This affidavit was not incorporated or made part of the amended complaint. Actually, there is no compelling reason why it should have been, for it would have been possible for the plaintiff to recover for the alleged undercharges without having to allege and prove fraud.

Under these circumstances and in view of Rule 9(b), it is the opinion of this Court that fraud was not an element of the amended complaint. Therefore, the date for determining the running of the applicable Statute of Limitations is May 8, 1952, the date of the filing of the original complaint.

It is therefore ordered, adjudged, and decreed that judgment be entered for the New York, New Haven, and Hartford Railroad Company for $27,861.33 and costs, as stipulated by the parties.