Sara PATAPOFF, Appellant,

v.

VOLLSTEDT'S INC., a Corporation, Crown Mills, a Corporation and Pacific Supply Co-operative, a Corporation, Appellees.

No. 16281.

United States Court of Appeals Ninth Circuit.

May 29, 1959.

Asher & Cramer, Portland, Or., for appellant.

Merle A. Long, Albany, Or., for appellees.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

After a petition for involuntary bankruptcy had been filed against the appellant, she executed an "Admission or Confession of Bankruptcy". On the basis of this she was adjudged a bankrupt by the referee to whom the proceeding had been referred by order of the Clerk, acting in the absence of the Judge. Ten days later appellant moved to vacate these orders under the provisions of Rule 60(b) (1) and (6) of the Rules of Civil Procedure.[1]

The motion was heard upon affidavits filed in support of, and in opposition to the relief sought, and was denied. This appeal is from that order.

The record shows the following uncontroverted facts. While appellant executed her "Confession" on the advice of her counsel, the latter's affidavit, filed in opposition to the motion, states that when he gave that advice he told appellant[2] that she "would be given an opportunity to be heard before the referee for the purpose of finally determining whether or not they were in fact bankrupts." This advice was wholly wrong, as appellant asserts. Appellee does not dispute that.

The petition alleged that appellant was "doing business as Bill & Moris Seed Company of Halsey, Oregon"; that petitioners had provable claims "against

---

1. Rule 60, 28 U.S.C.A. "(b) * * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment."

2. And also her husband against whom a parallel bankruptcy petition had been filed.

him" for seed and feed and money loaned. Appellant's affidavit stated that she did not do business as "Bill and Morris Seed and Grain Company"; that she had no interest in that business "nor any liability for the debts therefor"; that she did not owe the named petitioners, or any of them, the sums set forth "nor any other sums".

These statements in appellant's affidavit, which, if true, showed a complete defense on the merits, were not controverted by any counter affidavit.[3]

Both sides accept as correct the statement of appellant's brief that "appellant had, at the time the 'Confession' was signed, a complete defense to the involuntary petition." That was the record made on the motion.

The record also discloses that at the time he denied the appellant's motion, the trial judge was laboring under a misapprehension as to the consequences of his denial. Just after the attorneys had closed their arguments on the motion and left the court room, the Court stated: "There is a presumption that things done in the ordinary course of business are done according to the law. I don't want to foreclose those parties of a right to be heard. They can be heard if they file their answer. That will take care of it."

The Judge was wrong. Gratiot County State Bank v. Johnson, 249 U.S. 246, 39 S.Ct. 263, 63 L.Ed. 587. He did not "want to foreclose" appellant, but foreclose her he did.

We think that on this record it was an abuse of discretion for the court to deny the motion to vacate the adjudication. Rule 60(b) is clearly designed to permit a desirable legal objective: that cases may be decided on their merits.[4] "The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. * * * Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242, 245; accord, Bridoux v. Eastern Air Lines, D.C.Cir., 214 F.2d 207, 210.

We need not here be concerned with whether the mistake under which appellant acted was a mistake of law, induced by the erroneous advice given her by the attorney. If we assume that the "mistake, inadvertence, surprise, or excusable neglect", listed in subdivision (1) of Rule 60(b) does not ordinarily apply where the mistake, inadvertence, etc. relates to a mistake of law, yet subdivision (6) provides that relief can be granted for "any other reason justifying relief from the operation of the judgment."

As stated by Mr. Justice Black in Klapprott v. United States, 335 U.S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 266: "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable

---

3. The only affidavit filed in opposition to the motion was that of the attorney who had advised appellant to sign the admission of bankruptcy. Appellant's affidavit had stated that she was called to the attorney's office and told that she had to sign in order to keep the insurance on her property in force. She stated that she was not advised as to the effect of the document, and that the attorney did not question her then, or at any other time "concerning the legal entity of 'Bill and Morris Seed and Grain Co.', or any other facts concerning our farm, the business or our finances." The omissions in the attorney's affidavit appear to confirm this, so far as appellant was concerned. He stated he recommended that both appellant and her husband execute confessions in bankruptcy "so that the insurance on their property could be kept in force." He stated he had discussed with the husband, Mr. Patapoff, the latter's financial condition, and had discussed it with Patapoff's auditor. He says nothing about having inquired into the finances or property or ownerships of the appellant. (Oregon is not a community property state).

4. Cf. Moore's Federal Practice, 2nd ed., § 60.19: "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."

them to vacate judgments, whenever such action is appropriate to accomplish justice." Cf. Bridoux v. Eastern Air Lines, supra.

■ Here the appellant made a showing that she had a defense which she was misled into waiving through the erroneous action of the attorney. She made that showing very promptly. The trial court, although stating "I don't want to foreclose" this party, nevertheless, because of its plain misapprehension of the situation, accomplished just that foreclosure by its order. This involved something less than the "careful study of all relevant considerations" referred to in Tozer v. Charles A. Krause Milling Co., supra.

The order denying the appellant's motion is reversed and the cause is remanded with directions to set aside the adjudication of bankruptcy and the order of reference, and to permit appellant to file her answer, and to proceed to try the merits of the issues thus framed.