**UNITED STATES of America,**
**Libelant,**

v.

**$3,216.59 IN UNITED STATES CURREN-CY, and One negotiable Check in the amount of $90.86.**

**No. CA/Gr. 65–8.**

United States District Court
D. South Carolina,
Spartanburg Division.

Feb. 3, 1967.

John C. Williams, U. S. Atty., James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for libelant.

Bernelle Demo, Spartanburg, S. C., for defendant.

## OPINION AND ORDER

DONALD RUSSELL, District Judge.

On October 9, 1965, certain premises, known as the Arcadia Service Station and located at Arcadia, South Carolina, were searched by federal and state authorities pursuant to a search warrant issued by the United States Commissioner on the basis of certain affidavits alleging reasons to believe that wagering records and "paraphernalia" were concealed on said premises and were being used in violation of Sections 4411, 4412, 4901(a) and 7262 of the Internal Revenue Code of 1954. As a result of the search, the officers seized certain wagering "paraphernalia and records", as well as $3,216.59 in cash and a negotiable check in the amount of $90.86.

A libel of information was filed by the United States on November 19, 1965, to condemn as forfeited to the United States the $3,216.59 in cash and the negotiable check for $90.86. The Monition and Order of Attachment were issued on November 20, 1965. The movant herein, Dewey E. Williams, who was the owner of the premises searched and who was present at the time of the search, was personally served with notice of the libel on December 28, 1965. The movant, after consulting his counsel, entered no appearance and took no steps to contest the forfeiture. Accordingly, on February 19, 1966, order for judgment by default was signed and default judgment was duly entered on February 21, 1966, condemning and forfeiting the money and check to the United States for violation of Section 7302, 26 U.S.C.A.

On January 5, 1967, more than ten months after the entry of judgment of forfeiture, the movant, Dewey E. Williams, filed this motion under Rule 60(b), Rules of Civil Procedure, to set aside the judgment of forfeiture. He alleged in his motion that his default was due to "excusable neglect and mistake of counsel" and that he has "a meritorious defense to said Libel of Information." In support of such motion, he submitted his own affidavit and that of the two experienced counsel, whom he consulted in connection with the seizure.

Rule 60(b) provides that "the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect," but requires the motion to be made "within a reasonable time" and in no event more than one year after the judgment was entered.

To justify a court in granting relief under such Rule, it is necessary for the moving party to "show both that there was good reason for the default and that he has a meritorious defense to the action." Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, p. 89. Absent a meritorious defense, the reopening of the judgment would be a futile act, imposing an unnecessary burden on the court.

It must, also, be noted that the Rule authorizes "extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Hulson v. Atcheson, T. & S. F. Ry. Co. (CA Ill. 1961) 289 F.2d 726, 730. In determining, however, whether there are such exceptional circumstances, the courts generally give a liberal interpretation to the Rule. But such liberality cannot extend to granting relief, where there is no evidentiary showing of a "reason" under the Rule and a meritorious defense. As the Court said in Federal Deposit Insurance Corp., to Use of Secretary of Banking v. Alker (CA Pa.1956) 234 F.2d 113, 116–117, "such an application for extraordinary relief must be fully substantiated by adequate proof and its exceptional character must be clearly established * * *."

While the instant motion alleges as ground for relief both "excusable neglect" and "mistake of counsel", it is clear from his affidavits filed that the mov-

ant's claim is based upon "mistake of counsel". To support such claim, the moving party relies upon the affidavit of counsel, who represented him at the time of the seizure and advised him in connection with his rights. In such affidavit, counsel stated that they were of the opinion that the search warrant authorizing the search and seizure was illegal and so advised the movant. Although of this opinion, counsel advised movant that he had no defense to the libel; and acting upon such advice, the movant claims he suffered default.[1] The affidavit proceeds to state that counsel, in so advising movant that he was without a defense, were mistaken and that, in their judgment, the movant has a meritorious defense.

I have passed over the question of whether mistake of counsel is a proper ground under the Rule. Certain cases, it would seem, have denied relief where the ground was ignorance of the rules of court or mistake of law. Hulson v. Atcheson, T. & S. F. Ry. Co., supra (CA Ill. 1961) 289 F.2d 726, 730); Ohliger v. United States (CA 2, 1962) 308 F.2d 667; Flett v. W. A. Alexander & Company (CA Ill.1962) 302 F.2d 321. Other cases—generally where the injustice of the case was clear—have granted relief where the mistake was that of counsel and the client was blameless. Patapoff v. Vollstedt's, Inc. (CA Or.1959) 267 F.2d 863, 865. Without seeking to decide between these two viewpoints, I have preferred to predicate my conclusions on other grounds.

The affidavit, upon which the movant bases his application, nowhere states the nature of the mistake which caused counsel to advise movant that he was without a defense to the libel. The mistake could not have related to the validity of the search warrant, for the affidavit of counsel asserts categorically that counsel was of opinion and advised movant that the search warrant was invalid. There was no mistake either of counsel or of movant on this point. It was suggested in argument that the mistake of counsel was represented in their failure to recognize, under the circumstances of the case, that the alleged illegality of the search warrant was available to the movant as a defense in the forfeiture proceedings.[2] It would seem sufficient answer to this argument that counsel in their affidavit do not declare that they were so mistaken. In fact, they do not aver anywhere—nor does it appear in movant's own affidavit —the particulars of the mistake of law which induced the movant and his experienced counsel to acquiesce in a default.

It is not enough that movant assert that this default resulted from a mistake. He must go farther. The nature of the mistake itself must be stated, so that the Court may determine whether it is such a mistake as to warrant relief under 60(b). Rule 9, Rules of Civil Procedure, expressly requires that in all averments of mistake "the circumstances constituting * * * mistake shall be stated with particularity." Reed v. Turner (D.C.Pa.1941) 2 F.R.D. 12. This the movant has failed to do in his moving papers. The affidavit upon which he relies fails to show any circumstances and facts identifying the mistake of counsel which would justify this Court in granting the relief sought. Such facts cannot be supplied by argument. They must appear in the moving papers and the only persons to supply such facts in this case are the attorneys

---

1. Perhaps counsel for the applicant may have been influenced in their advice by the considerations involved in Gawantka v. United States (CA Pa.1964) 327 F.2d 129, 131.

2. See, One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania (1965) 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170,

emphasizing the statement in Boyd v. United States (1886) 116 U.S. 616, 6 S. Ct. 524, 29 L.Ed. 746, that forfeiture proceedings "though they may be civil in form, are in their nature criminal" and holding that the same right to suppress evidence secured through an illegal search and seizure exists in such proceedings as in the criminal trial itself.

who originally represented the movant. Their affidavit, however, fails wholly to supply such facts. The showing made by the movant thus fails to set forth enough facts "to apprise the adversary as to what acts are relied upon as constituting fraud or mistake" (New York, N. H. & H. R. Co. v. New England Forwarding Co. (D.C.R.I., 1953) 119 F.Supp. 380, 382) and is insufficient to support the granting of the "exceptional" relief sought.

Under such circumstances, it is unnecessary to consider whether the movant has shown a meritorious defense or whether his application was filed timely.[3]

For the reasons given, the motion is denied, and

It is so ordered.

---

3. The claim of a meritorious defense turns upon the right of the movant to impeach the affidavits upon which the search warrant was issued and the weight the Court gives to such impeaching testimony, as contrasted with the statements in the affidavits, reinforced by the testimony of the affiant. There is considerable conflict in the decisions on the right to contradict or impeach such affidavits. United States v. Gianaris (D.C.1960) 25 F.R.D. 194, and Kenney v. United States (1946) 81 U.S.App.D.C. 259, 157 F.2d 442, would deny admissibility. On the other hand, our own Circuit Court of Appeals has ruled such evidence admissible. King v. United States (CA 4, 1960) 282 F.2d 398, 400. See also, Rugendorf v. United States (1964) 376 U.S. 528, 531–532, 84 S.Ct. 825, 11 L.Ed.2d 887, reh. den. 377 U.S. 940, 84 S.Ct. 1330, 12 L. Ed.2d 303. As I have said, it is unnecessary for this Court to consider such testimony in view of my firm conclusion that the petition and supporting affidavits are insufficient.