Lorenzo Edward ERVIN, Jr., Plaintiff-Appellant,

v.

George C. WILKINSON, Warden, U.S. Penitentiary, Marion, Illinois, et al., Defendants-Appellees.

No. 80–1130.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1982.

Decided Jan. 13, 1983.*

As Amended Jan. 25, 1983.

Opinion Feb. 23, 1983.

---

* This appeal was originally decided by unreported order on January 13, 1983. See Circuit Rule

35. The court has subsequently decided to issue the decision as an opinion.

Barry Levenstam, Jenner & Block, Chicago, Ill., for plaintiff-appellant.

Richard H. Lloyd, Asst. U.S. Atty., East St. Louis, Ill., for defendants-appellees.

Before PELL and CUDAHY, Circuit Judges, and BARTELS,** Senior District Judge.

BARTELS, Senior District Judge.

Plaintiff-Appellant, Lorenzo Edward Ervin, Jr., appeals from an order entered in the United States District Court for the Central (formerly Eastern) District of Illinois (Baker, J.) denying Ervin's Rule 60(b) motion to reconsider and to vacate the court's prior order dismissing Ervin's action predicated upon his written stipulation, on the ground that the stipulation was secured by fraud.

I

In January 1979 Ervin, an inmate at the United States Penitentiary at Marion, Illinois ("U.S.P. Marion") had five habeas corpus petitions and one civil rights suit pending in the United States District Court for the Eastern District of Illinois. After counsel was appointed in his behalf, the latter entered into a written agreement on Ervin's behalf on January 12, 1979 with the prison warden whereby Ervin agreed to dismiss all of his pending actions in exchange for two new Institutional Disciplinary Committee ("I.D.C.") hearings "with all rights afforded to me under Marion Penitentiary's Policy Statement and under *Wolff v. McDonnell*." Some of the allegations in Ervin's suits concerned the same incidents

involved in his prior I.D.C. hearings, in which Ervin had been found guilty of violating prison regulations.

On January 16, 1979, the stipulation was filed in the District Court, and on January 17, 1979, Judge Baker entered an order accepting the stipulation and dismissing the actions without more. Thereafter new disciplinary hearings were conducted by J.J. Clark, a U.S.P. Marion official, and two other officials who were defendants in Ervin's actions, and at the end of each hearing Ervin was again found guilty.

On August 14, 1979, Ervin moved, pursuant to Federal Rule of Civil Procedure 60(b)(3), for vacation of the order dismissing his civil rights suit, and also under Rule 60(b)(6) for an order granting relief for any reasons justifying the same. In his motion and supporting affidavit Ervin accused his counsel and the prison officials of conspiracy to perpetrate a fraud by tricking him into signing the agreement which they knew the prison officials would violate, claiming that the settlement was unjust, secured by fraud and misrepresentation and "should not be let stand." Strangely enough, the defendants proffered no response to this motion which remained before the court for five months. Ervin asserts that before signing the agreement his attorney represented that Ervin would be given "a lot of new evidence" by the prison officials and that he would be allowed to call all of the witnesses he required to establish his innocence. Despite Ervin's request for a hearing, the court refused a hearing and by order on January 11, 1980, denied the motion holding "that the terms of the settlement agreement were not misrepresented to the plaintiff by his attorney or by the defendant prison officials" and further, that Ervin "entered into the stipulation wittingly."

II

■ A motion under Rule 60(b) is addressed to the sound discretion of the dis-

** John R. Bartels, Senior District Judge from the Eastern District of New York, is sitting by designation.

trict court, and will be reversed only for abuse of such discretion. *Bradford Exchange v. Trein's Exchange,* 600 F.2d 99, 102 (7th Cir.1979). The question posed in the immediate case is whether there was such an abuse. *De Filippis v. United States,* 567 F.2d 341, 343 (7th Cir.1977). Ervin claims that the hearing board was biased or hostile to his case and that the disciplinary hearings were conducted in a most arbitrary manner. It appears from Ervin's statements that the crux of his claim is based on a breach of contract rather than fraud in entering into the agreement, although he does indicate that the prison officials when they signed the agreement had no intention of performing it—a difficult fact to prove and for which no plausible evidence was submitted. Treating the allegations as essentially a claim for breach of contract, the question is posed as to what extent, if any, relief can be granted under Rule 60(b)(3) for fraud or under Rule 60(b)(6) for other reasons.

 Where the moving party has been prevented from presenting the merits of his case by the conduct of which he complains, Rule 60(b) relief is most appropriate. *Clarke v. Burkle,* 570 F.2d 824 (8th Cir. 1978); *Patapoff v. Vollstedt's Inc.,* 267 F.2d 863 (9th Cir.1959). For the purpose of doing substantial justice, Rule 60(b) motions must be liberally construed. *See United States v. Gould,* 301 F.2d 353, 357 (5th Cir. 1962). On the other hand, to prevail under a Rule 60(b)(3) claim for fraud it is incumbent upon the movant to establish the fraud complained of by clear and convincing evidence. *Jennings v. Hicklin,* 587 F.2d 946, 948 (8th Cir.1978). In determining whether there has been an abuse of discretion, the Court is entitled to "assume that plaintiff's factual allegations are true, as [it] would on a motion to dismiss" where no evidence or response is offered in opposition. *McKinney v. Boyle,* 404 F.2d 632, 634 & n. 2 (9th Cir.1968), *cert. denied,* 394 U.S. 992, 89 S.Ct. 1481, 22 L.Ed.2d 1481 (1969); *Klapprott v. United States,* 335 U.S. 601, 604, 69 S.Ct. 384, 385, 93 L.Ed. 266 (1949); *Patapoff v. Vollstedt's Inc.,* 267 F.2d at 865; *In re Cremidas' Estate,* 14 F.R.D. 15, 17 (D.Alaska 1953).

█ For the purpose of this appeal we treat as true the undenied allegations of Ervin in his affidavit in support of his motion. These allegations indicate that Ervin's consent to the stipulation and dismissal of his legal actions were obtained after misrepresentation by the prison officials and Ervin's counsel. The real basis for his claim, it seems to us, however, rests upon a breach of contract based upon the failure of the prison officials to provide Ervin with the procedural rights they had promised at the new I.D.C. hearings. This breach occurred after the stipulation was signed and after his pending applications and suits were dismissed. It is this breach that Ervin characterizes as a misrepresentation. At all events, he should have an opportunity to establish his claims at a hearing under Rule 60(b) for relief under either subsection (3) or subsection (6). Whether he can prove his claims at a new hearing is another matter.

In the district court Ervin originally filed a motion for the appointment of counsel in his habeas cases and in his civil rights suit but for some unknown reason the court appointed counsel only in the habeas cases. It was this counsel who represented Ervin in negotiations resulting in the signing of the stipulation and we assume that he will renew his request for appointment of counsel. In such event, we suggest, without impinging upon the district court's jurisdiction, that it would be inappropriate to appoint Ervin's prior counsel in view of Ervin's serious charges against him, and that for the new hearing the district court should consider the appointment of new counsel. *See McKeever v. Israel,* 689 F.2d 1315 (7th Cir.1982); *Caruth v. Pinkney,* 683 F.2d 1044 (7th Cir.1982); *Maclin v. Freake,* 650 F.2d 885, 887–89 (7th Cir.1981); *Ray v. Robinson,* 640 F.2d 474 (3d Cir.1981); *United States v. McQuade,* 579 F.2d 1180 (9th Cir.1978).

Accordingly, the judgment of the district court is vacated and the case is remanded with instructions to the district court to conduct a new hearing on Ervin's charges

and, if requested, to appoint new counsel for that purpose.