988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Truman ACKERSON, Plaintiff-Appellee,
v.
Edward ACKERSON, Defendant-Appellant.
 No. 92-36590.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1993.
Decided March 12, 1993.
 
 Appeal From United States District Court for the District of Montana, No. CV-85-00288-GF; Paul Hatfield, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before EUGENE A. WRIGHT, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Factual and Procedural History.
 
 
 3
 This long-time family feud concerns the Ackerson family, and for the sake of simplicity the first names of members of that family will be used throughout this memorandum. Truman and Edward are brothers and their mother was Ruth. George is Edward's son. Ruth originally owned a parcel of real property known as Thelen Place located in Choteau County, Montana. Ruth, Truman, and Edward entered into a settlement agreement in 1983 regarding the property, with George having Ruth's power of attorney. Truman received the surface rights to Thelen Place subject to Edward's right of first refusal if Truman tried to sell the property.
 
 
 4
 At some point Edward came into possession of three blank quitclaim deeds executed by Truman circa 1940. Edward and George visited a local attorney, Allin Cheetham, who was asked to complete the deeds by filling in "Thelen Place" in the description and "George" as the grantee. One of the three deeds was filed by the county, even though it had not been acknowledged. At that time, Truman had been trying to sell his interest in the property. After the filing of the quitclaim deed, the deal fell through on account of the prospective purchaser's concern about the deed's clouding of the title.
 
 
 5
 Truman filed this suit in 1985 against Edward, George, Cheetham, and the county. George was never served with process. After the granting of pretrial motions for summary judgment and a settlement during trial, the case went to the jury solely on Truman's claims of slander of title and tortious interference of contract against Edward. The jury found for Edward on both claims. Truman appealed and this court affirmed as to all issues save one. Ackerson v. Ackerson, 895 F.2d 1416 (9th Cir.1990) (unpublished disposition). We reversed the judgment in favor of Edward on the slander of title claim, ruling that the district court should have granted Truman's motion for a JNOV,[1] and we remanded for the calculation of damages. The district court awarded Truman damages of $115,529.00. Edward filed a pro se appeal but withdrew it. George attempted to intervene after judgment and then filed an action to vacate, but both were denied. On September 30, 1991, Edward filed a pro se motion for relief from judgment under Fed.R.Civ.P. 60(b). Edward later obtained counsel, who filed an amended 60(b) motion. Through counsel Edward moved for leave to file two supplemental motions for relief, which was denied. On July 9, 1992, the district court denied Edward's 60(b) motion without a hearing. This timely appeal followed.
 
 Legal Analysis
 
 6
 Fed.R.Civ.P. 60(b) provides in relevant part:
 
 
 7
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons:
 
 
 8
 (1) mistake, inadvertence, surprise or excusable neglect;
 
 
 9
 * * *
 
 
 10
 (3) fraud (whether heretofore denominated extrinsic or intrinsic) or other misconduct of an adverse party;
 
 
 11
 * * *
 
 
 12
 (6) any other reason justifying relief from the operation of judgment....
 
 
 13
 A district court's denial of a Fed.R.Civ.P. 60(b) motion is a final appealable order which is reviewed under the abuse of discretion standard. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978). An appeal from the denial of rule 60(b) relief does not bring up the underlying judgment for review. Id.
 
 
 14
 The basic thrust of Edward's allegations is that his trial attorney, acting either alone or in concert with Truman's counsel,[2] deliberately ensured that the trial record would not be complete by preventing George from testifying.[3] Edward claims George would have testified that George was the one responsible for the filing of the false quit-claim deed.[4] This testimony would have supposedly exonerated Edward and proven that the fraudulent deed scheme was all George's fault and that Edward cannot be held liable for it. Therefore, Edward contends that our prior decision in favor of Truman as a matter of law was based on an inaccurate factual record and should not stand.[5]
 
 
 15
 Edward relies on several cases as support for granting his motion: Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan 1981); L.P. Steuart Inc. v. Matthews, 329 F.2d 234, 235-36 (D.C.Cir.), cert. denied, 379 U.S. 824 (1964); Patapoff v. Vollstedt's Inc., 267 F.2d 863, 865 (9th Cir.1969). Each of these cases involved situations in which judgment was entered at a preliminary stage of the proceedings. Seven Elves was a default judgment case where 60(b) relief is granted more readily. In Steuart the court of appeals ruled it was not an abuse of discretion to grant relief from a dismissal for failure to prosecute where the plaintiff's attorney had done nothing while reassuring his client that the suit was proceeding. In Patapoff we reversed the denial of a 60(b) motion where a debtor who had been placed into bankruptcy involuntarily was falsely told by counsel that signing a confession of bankruptcy would not deprive her of an opportunity to contest the case. Rule 60(b) relief was appropriate because attorney error had prevented any trial on the merits and there was no prejudice to the other side. Edward's argument that those cases are directly on point because he has never had a "true" trial on the merits is not persuasive.
 
 
 16
 Because we review a denial of a motion under Fed.R.Civ.P. 60(b) under the abuse of discretion standard, we give some deference to the district judge's decision denying relief due to his familiarity with the case. The district judge presided over this case for the better part of seven years and he heard all the testimony during trial. He is in the best position to gauge whether Edward's allegations have any merit. We have carefully examined the motions Edward filed in this court, the motions filed in the district court, all of the affidavits attached thereto, and the transcripts of recorded telephone conversations between Edward and his former attorney. In particular, we have examined Edward's trial testimony. During cross-examination Edward admitted that he had utilized the quit claim deed to give Thelen Place to George, albeit at Ruth's wishes. While Edward did not explicitly confess that he had played a substantial role in having the false deed filed, that is the only logical interpretation of his testimony. Under the circumstances, we cannot say that the district judge abused his discretion in denying Edward's Rule 60(b) motion.
 
 
 17
 Truman asks for sanctions under Fed.R.App.P. 38. If we find that an appeal is frivolous, we may, in our discretion, award just damages and single or double costs to the appellee under that rule. See Elks Nat. Foundation v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992). Under the facts of this case we decline to award sanctions to Truman. Judge Wright dissents from the denial of sanctions. He is persuaded that the appeal is wholly frivolous and would award damages and double costs to Truman.
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The four elements of slander of title under Montana law are: 1) the uttering and publication of the slanderous words by the defendant; 2) the falsity of the words; 3) malice' 4) special damages. First Security Bank of Bozeman v. Tholkes, 547 P.2d 1328, 1331 (Mont.1976)
 
 
 [2]
 The only "evidence" of a conspiracy Edward offers is the fact that Truman did not serve George (who was apparently in Texas for a time) and failed to call him as a witness at trial
 
 
 [3]
 Edward's other allegations are either facially insufficient to justify relief under Fed.R.Civ.P. 60(b) or are merely legal conclusions. We need not discuss them except to note that Edward's claim that George was an indispensable party under Fed.R.Civ.P. 19 fails. Joint tort-feasors are not indispensable parties. E.g., Nottingham v. General Am. Communications Corp., 811 F.2d 873, 880 (5th Cir.), cert. denied, 484 U.S. 854 (1987)
 
 
 [4]
 George submitted an affidavit supporting Edward's Rule 60(b) motion wherein he stated that he "alone was instrumental in arranging one of the quit claim deeds to be filed." The affidavit stated that the day George instructed Cheetham to file the deeds Edward was present only because he had ridden into town with George. George further stated that Edward had nothing to do with George's instructing the attorney to file the false deeds. George averred he would have testified to this effect at trial
 
 
 [5]
 Truman incorrectly argues that res judicata bars Edward's motion. That doctrine does not apply to Rule 60(b) motions. Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir.1985). Truman is also incorrect that a rule 60(b) motion is improper because judgment was entered by this court as a matter of law. See United States v. Cirami, 563 F.2d 26, 32 (2d Cir.1977) (law of the case doctrine does not preclude entertainment of Rule 60(b) motion regarding evidence not presented at trial)