**Francisco SALAS, Plaintiff,**

v.

**Richard F. RAEMISCH, individually; William A. Grosshans, individually; Denise A. Symdon, individually; and LeAnn Moberly, individually, Defendants.**

No. 05–C–399–C.

United States District Court,
W.D. Wisconsin.

Sept. 21, 2006.

David E. Lasker, Lasker Law Offices SC, Madison, WI, for Plaintiff.

Richard Moriarty, Assistant Attorney General, Madison, WI, for Defendants.

## MEMORANDUM OPINION

CRABB, District Judge.

In this civil action for monetary relief, plaintiff Francisco Salas contends that defen-

dants Richard Raemisch, William Grosshans, Denise Symdon and LeAnn Moberly discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964. In an order dated April 25, 2006, I granted summary judgment in defendants' favor because plaintiff had not met his burden of showing that he filed a timely complaint with the Equal Employment Opportunity Commission. Because the filing of a timely charge is a precondition to suit under Title VII, *Gibson v. West,* 201 F.3d 990, 994 (7th Cir.2000), I concluded that plaintiff's claim was barred by his failure to show he had exhausted his administrative remedies.

On May 25, 2005, plaintiff filed a timely appeal to the United States Court of Appeals for the Seventh Circuit. Then, on July 25, 2006, plaintiff filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(2)-(3) in this court, as he was permitted to do. *Brown v. United States,* 976 F.2d 1104, 1110–11 (7th Cir.1992) ("Parties may file motions under Rule 60(b) in the district court while an appeal is pending. In such circumstances we have directed district courts to review such motions promptly, and either deny them or, if the court is inclined to grant relief, to so indicate so that we may order a speedy remand."). In his motion, plaintiff contends that newly discovered evidence demonstrates conclusively that he did exhaust his administrative remedies with respect to his Title VII claims, and that summary judgment was granted improvidently.

In light of the incontrovertible evidence plaintiff has presented to the court, it is clear that he filed a timely complaint with the Equal Employment Opportunity Commission. Unfortunately for plaintiff, however, neither Fed.R.Civ.P. 60(b)(2) or 60(b)(3) permits the court to vacate judgment under the circumstances presented by this case. Consequently, even if the court of appeals were to remand plaintiff's case so this court could rule on his motion, I would be required to deny it.

## FACTUAL BACKGROUND

### A. *Procedural Background*

Plaintiff filed this lawsuit on July 7, 2005. In his complaint, plaintiff alleged that he was fired from his job as a senior probation and parole agent because of his national origin and in retaliation for testimony he had provided to the Equal Employment Opportunity Commission.

From the beginning, defendants questioned whether plaintiff had exhausted his administrative remedies. The first evidence of the exhaustion issue appears in defendants' October 3, 2005, requests for admission:

> REQUEST TO ADMIT NO. 4: Attachment A, the Charge of Discrimination that was filed with the Equal Employment Opportunities Commission after you signed it on January 19, 2005, was the only Charge of Discrimination that was ever filed with the Equal Employment Opportunities Commission, by you or anyone else, regarding the termination of your employment with the Wisconsin Department of Corrections.

> REQUEST TO ADMIT NO. 5: No Charge of Discrimination was filed with either the Equal Employment Opportunities Commission or the Wisconsin Equal Rights Division before January 19, 2005, by you or anyone else, regarding the termination of your employment with the Wisconsin Department of Corrections.

Dkt. # 55, Exh. A, at 22–23. To these requests for admission, plaintiff answered:

> Response to Request to Admit No. 4: Admitted.

> Response to Request to Admit No. 5: Denied.

Dkt. # 55, Exh. B, at 1.(It is unclear why plaintiff admitted No. 4 and denied No. 5, especially in light of the fact that the two requests appear to be redundant.)

Mistakenly believing that plaintiff admitted his charge was untimely, defendants moved for summary judgment on the ground that plaintiff had not filed a timely charge with the Equal Employment Opportunity Commission. Plaintiff opposed the motion vigorously, alleging that he had exhausted his remedies by filing a charge with the commission in December 2004. However, plaintiff did not submit a copy of the alleged-

ly timely charge, instead offering various pieces of equivocal and circumstantial evidence, such as a registered mail receipt dated December 2, 2004, and a letter from the commission suggesting he had made some form of contact with them within 300 days of his termination. After finding that plaintiff had not met his burden of proving he had exhausted his administrative remedies, I granted defendants' motion for summary judgment on April 25, 2006.

### B. *"New Evidence"*

Now, plaintiff has obtained from the Equal Employment Opportunity Commission a copy of the mailing he sent on December 2, 2004. The mailing consisted of 19 pages of forms and attachments, in which plaintiff alleged that defendants fired him in retaliation for his participation in an Equal Opportunity Employment Commission investigation of a complaint lodged by one of his co-workers, Darren Rogers.

In addition, plaintiff has submitted proof that, after receiving plaintiff's charge, the commission sent the Wisconsin Department of Corrections a "Notice of Charge of Discrimination," which read as follows:

PERSON FILING CHARGE

Francisco Salas

THIS PERSON (check one or both)

☒ Claims To Be Aggrieved

☐ Is Filing on Behalf of Other(s)

NOTICE OF CHARGE OF
DISCRIMINATION

*(See the enclosed for additional
information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

☒ Title VII of the Civil Rights Act ☐ The Americans with Disabilities Act

☐ The Age Discrimination in Employment Act ☐ The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. ☒ No action is required by you at this time.

\* \* \* \*

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

☐ Race ☐ Color ☐ Sex ☐ Religion ☐ National Origin ☐ Age ☐ Disability

☒ Retaliation ☐ Other

**ISSUES: Discharge**

**DATE(S) (on or about): EARLIEST: 03–19–2004 LATEST: 03–19–2004**

The notice is date stamped December 9, 2004.

In connection with briefing on the plaintiff's pending motion, counsel for defendants admits that soon after being assigned to this lawsuit, he reviewed a copy of the Equal Employment Opportunity Commission's Notice of Charge. Nevertheless, counsel avers that as a result of his past experiences working with the commission, he "was skeptical whether the [charge] referred to [in the Notice of Charge] was actually a document that would be considered a 'charge' under applicable decisional law." Dkt. # 52, at 3. Rather than obtain a copy of the originally filed mailing, counsel "concluded that the best way to handle the matter was to propound Requests to Admit Facts, see how Salas responded, and then go from there." *Id.* At no time during the summary judgment briefing did defendants disclose that they had received a timely Notice of Charge from the Equal Employment Opportunity Commission.

OPINION

■ Relief under Rule 60(b) is an extraordinary remedy reserved for exceptional circumstances. *Provident Savings Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir.1995). Rule 60(b) authorizes a court to grant relief from judgment when a party brings a motion based on one of six specific grounds listed in the rule. Fed.R.Civ.P. 60(b); *see also United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)—they cannot be general pleas for relief"). Specifically,

the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ■ newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Plaintiff contends this court should vacate judgment on his Title VII claims under Rule 60(b)(2) or 60(b)(3).

### A. *Rule 60(b)(2)*

■ Rule 60 (b)(2) may be invoked when "newly discovered evidence that could not have been obtained at the time of the original litigation may show that the judgment was erroneous." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000). There are five prerequisites to a successful Rule 60(b)(2) motion: (1) the evidence was discovered following trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Harris v. Owens–Corning Fiberglas Corp.*, 102 F.3d 1429, 1434 (7th Cir. 1996). If any of these prerequisites is not met, the plaintiff cannot prevail on his motion. *Id.*

■ There is no question that the charge document plaintiff has now submitted to the court is material, non-cumulative and would have prevented the court from dismissing his case for lack of exhaustion. The real question is whether plaintiff made diligent efforts to obtain the evidence in a timely manner before summary judgment. To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence. *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 178 (2d Cir.2004). "Diligence looks not to what the litigant actually discovered, but what he or she could have discovered." 12 *Moore's Federal Practice* § 60.42[5] (Matthew Bender 3d ed.); *see also Zurich North America v. Matrix Service, Inc.,* 426 F.3d 1281, 1290 (10th Cir.2005) (holding that evidence was not newly discovered where litigant knew that it was missing prior to trial).

■ In this case, plaintiff was aware of the charge document long before he filed suit in July 2005; after all, he was its author. Moreover, by his own admission, plaintiff made no effort to obtain a copy of the Equal Employment Opportunity Commission's copy of his charge until February 12, 2006—seven months after his lawsuit was filed and four months after defendants asked plaintiff to admit that he had failed to file a timely grievance. Dkt. # 48, at 3.

When plaintiff was unable to obtain a copy of the charge directly from the Equal Opportunity Employment Commission, he informed his counsel of the problem. Although counsel allege that the Equal Opportunity Employment Commission misled them into believing that the documents were "in the mail" when they were not, counsel did not once bring the problem to the court's attention while summary judgment was pending, or move for reconsideration of the court's summary judgment decision by explaining that they had tried diligently to obtain the charge with no success. According to counsel, he and plaintiff made only two attempts to contact the commission, on February 20, 2006 and April 12, 2006. When at last plaintiff received a copy of the charge from the commission on June 5, 2006, he waited almost two months before filing his present motion for relief from judgment.

Simply put, plaintiff did not act diligently during the prosecution of his lawsuit. As unfortunate as the result may be, it is now too late for the court to act. As the court of appeals has explained, "A party needs awfully good stuff to win a Rule 60(b)(2) motion."

*Publicis Communication v. True North Communications, Inc.*, 206 F.3d 725, 730 (7th Cir.2000). The untimely acquisition of previously identified documents isn't the "stuff" of which a Rule 60(b)(2) motion is made. Because plaintiff has not shown that his "new evidence" could not have been obtained by his diligent efforts at an earlier time, Rule 60(b)(2) provides no ground for vacating the judgment in this case.

### B. *Rule 60(b)(3)*

 A successful Rule 60(b)(3) motion has two elements: "First, the movant must demonstrate misconduct—such as fraud or misrepresentation—by clear and convincing evidence. Second, the movant must show that the misconduct foreclosed full and fair preparation or presentation of [his] case." *Muniz v. Rovira–Martino*, 453 F.3d 10, 12 (1st Cir.2006); *see also Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir.1995). A party seeking relief under Rule 60(b)(3) must prove by clear and convincing evidence that judgment should be vacated. *Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir.1983).

In February 2006, defendant moved for summary judgment on the ground that plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission. In the April 25, 2006 summary judgment order, I relied on defendant's representation, stating:

> When a charge is received by the EEOC, the agency has a duty to serve the charge on the respondent within ten days. 42 U.S.C. § 2000e–5 (b). In this case, *the EEOC did not serve any charge on defendant until January 19, 2005.* There are two plausible explanations for its failure to do so. First, the contents of plaintiff's December 2004 mailing may not have constituted a charge, even under the generous standards of 29 C.F.R. § 1601.12(6). If this was the case, then plaintiff's failure to submit the necessary information to EEOC until six days *after* the time limit for filing a charge would render his January 19, 2005 complaint untimely.
> A second possibility is that the EEOC's *failure to serve* the "original" charge was an inadvertent oversight. If the EEOC misled plaintiff into believing that his com-

plaint had been served when in fact it had not, the doctrine of equitable tolling could be applied to prevent plaintiff from suffering adverse consequences from the agency's mistake. *E.g., Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 81 (7th Cir.1992) ("Misleading conduct by the EEOC can be a basis for tolling the administrative statute of limitations."). Therefore, it was incumbent on plaintiff to show that the fault lay with the EEOC and not with him.

Dkt. # 41, at 28–29 (emphasis added). Plaintiff contends that defendants defrauded the court by moving to dismiss his Title VII claims when defendants knew (or should have known) that his charge was timely.

 Because "Fed.R.Civ.P. 60(b)(3) applies to both intentional and unintentional misrepresentations," *Lonsdorf*, 47 F.3d at 893, it is irrelevant whether defendants brought their motion for summary judgment knowing that plaintiff had exhausted his administrative remedies. Defendants had received timely notice of plaintiff's complaint from the Equal Employment Opportunity Commission and therefore should have known that plaintiff filed a timely charge. Ignoring the evidence before them was imprudent at best, and deceitful at worst. Nevertheless, even if I assume that defendant's motion for summary judgment was misleading, I cannot vacate judgment under Rule 60(b)(3) unless defendants' misconduct prevented plaintiff from fully and fairly presenting his case. *Id.* at 897.

 As I discussed above, although plaintiff was aware that he did not have a copy of the charge document, he did not make diligent efforts to obtain a copy of it and he did not ask this court for additional time in which to do so. Had he undertaken such efforts, plaintiff could have proven conclusively (as he has done now) that he exhausted his administrative remedies, despite defendants' misrepresentation to the contrary. Because defendants' failure to concede plaintiff's timely exhaustion did not prevent plaintiff from litigating his case, I cannot vacate judgment under Rule 60(b)(3).

Plaintiff has raised no other ground for vacating the judgment entered against him in this case. Although it is unfortunate that the case was dismissed on grounds that were later proven to be unfounded, this court is limited to ruling on the motion before it. Because Fed.R.Civ.P. 60(b)(2) and 60(b)(3) do not authorize a court to vacate judgment when evidence that could have been obtained at an earlier time is obtained after judgment has been entered, I may not grant plaintiff's motion.

## ORDER

The court of appeals is advised that this court would be inclined to DENY plaintiff Francisco Salas's motion for relief from judgment were this case to be remanded for further consideration.