**DAL INTERNATIONAL TRADING COMPANY, Appellant,**

v.

**SWORD LINE, INC., Appellee.**

**No. 19, Docket 26031.**

United States Court of Appeals
Second Circuit.

Argued Dec. 13, 1960.

Decided Feb. 7, 1961.

---

3. Bohlen, Studies in the Law of Torts 445–47 (1926).

4. Prosser on Torts, Chapter 10, § 55 (1955)

5. Harper and James on Torts, § 22.2 (1956).

George B. Warburton, New York City (Hill, Rivkins, Middleton, Louis & Warburton, Martin A. Fromer and James M. Hastie, New York City, on the brief), for appellant.

Robert L. Clare, Jr., and James E. Freehill, New York City (Shearman, Sterling & Wright, Morton M. Maneker and Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

SWAN, Circuit Judge.

In July 1948 Sword Line, Inc., filed in the Southern District of New York a petition for arrangement pursuant to Chapter XI of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq. Within a month thereafter, Dal International Trading Company, a Polish corporation hereafter referred to as Dal, filed a claim therein to which the Debtor filed objections. The Debtor's plan for arrangement, after approval, was consummated in 1952 as to all claimants except Dal, whose claim had never been brought on for trial. In order to permit termination of the bankruptcy proceeding, Dal's attorneys entered into a stipulation with the Debtor, dated June 27, 1958, which provided for expunging Dal's claim. On the same date an order was made by the referee in charge of the bankruptcy proceeding, expunging the claim and terminating the proceeding. Shortly thereafter, in October 1958, Dal filed a petition under Rule 60(b) F.R.Civ.P., 28 U.S.C.A., and §§ 2, sub. a(15) and 386 of the Bankruptcy Act, 11 U.S.C.A. §§ 11(15), 786, to set aside its stipulation of June 27, 1958 and to reopen the proceeding in bankruptcy. Judge Kaufman denied the petition. From this order Dal has appealed. The correctness of such denial is the only issue presented.

For an understanding of the issue it is necessary to state further facts which occurred before Dal filed the petition denied below. Prior to 1948 Dal had contracted in London for the purchase from Dreyfus (Overseas) Ltd. of copra which was to be loaded on the steamship Foreman, and to be transported from ports in the Philippines to the port of Gdynia in Poland. The vessel was owned by the United States but was under bareboat charter to Sword Line, which operated it. Dal made a contract (charter party) with Sword Line, which obligated Sword Line to carry a full cargo and obligated Dal to pay for dead freight if a full cargo was not loaded. When the vessel reached Gdynia there was a shortage of about 700 tons. As required by its bareboat charter Sword Line had obtained insurance from the P & I Club for the benefit of itself as operator and the United States as owner of the Foreman. Dal's claim in the Debtor's arrangement, filed in August 1948, sought damages for such short delivery. It was based on claims arising against the Debtor and the vessel under five bills of lading issued by Sword Line and dated at Philippine ports in February 1948. In September 1948 Dal filed a libel in the Eastern District of New York against the United States and the Foreman to recover damages for short delivery. Counsel for all the parties apparently assumed that if Dal should recover in its admiralty suit, Dal's claim would

be paid in full by the P & I Club, except for a deductible $2,500. This deductible item was deposited in a trust fund to apply against any judgment obtained in the admiralty action. Thus in the belief that its claim in the arrangement proceeding was merely a duplication of its claim in the admiralty suit, Dal stipulated to expunge its claim. But when the admiralty suit came to trial in September 1958 it was found that the missing cargo had not been received by the vessel; therefore it was held that there was no *in rem* liability against the Foreman. Nor was there *in personam* liability against the United States as owner, since the contract of carriage was with Sword Line. Thereupon Dal filed its petition to expunge its stipulation and to reopen Sword Line's arrangement proceeding. Its petition did not literally charge fraud against Sword Line, the P & I Club, or their attorneys, but it did charge them with acting contrary to definite affirmative representations and with "unconscionable" conduct. With the consent of both sides, Judge Kaufman appointed a Special Master to take evidence, report his conclusions to the court and advise "whether there was any conduct tantamount to fraud or deceit." The Master reported that the evidence "does not show that either the Sword Line, the P & I Club, the United States of America or any firm of attorneys or individual attorney representing these engaged in any conduct tantamount to fraud or deceit." On June 9, 1959 Judge Kaufman confirmed the report of the Special Master and dismissed Dal's petition.

The appellant now contends that Judge Kaufman erred in refusing to reopen the bankruptcy proceeding on the ground of excusable neglect or mistake. Whether to grant Rule 60(b) relief lies in the sound discretion of the District Court. Negron v. Peninsular Nav. Corp., 2 Cir., 279 F.2d 859, 860. This contention of excusable mistake was not raised when the judge made the limited reference to the Special Master, nor was it raised before the Master, nor when the Master's report was confirmed by the court. We cannot hold that Judge Kaufman abused his discretion in failing to reopen the bankruptcy proceeding on a ground which was never presented to him.

Viewed in the light most favorable to Dal, the "mistake" for which Rule 60(b) relief is now asked is that of Dal's attorneys in thinking that any relief it might get in the arrangement proceeding, it could also obtain in its admiralty action. The "mistake" was really failing properly to assess the evidence and concluding that the proof would show that the missing copra had been lost in transit, and failing to conceive of the theory, which they now advance, that if the copra had never been shipped, Sword Line, since it issued bills of lading stating the entire expected amount, might be equitably estopped to claim that the missing copra had never been shipped. Rule 60(b) will sometimes operate to relieve a litigant from erroneous advise of counsel where justice so requires. See Patapoff v. Vollstedt's, Inc., 9 Cir., 267 F.2d 863. But generally a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortunate. In re Riedner, D.C.E. D.Wis., 94 F.Supp. 289; 7 Moore, Federal Practice, 234–35. We think that rule applicable here, where Dal, through its counsel, entered into the stipulation in reliance on its ability to enforce its claim according to counsel's view of the prevailing facts. It should not be able to test the legal consequence of another theory of the facts after the first, which led it into a stipulation on the strength of which Sword Line's arrangement was completely consummated, proved faulty.

The order refusing to reopen the stipulation is affirmed.