**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Klari A. ERDOSS, Executrix of the Will
of Akos Horvath, Deceased,
Defendant.**

**Ernest V. HORVATH and George A.
Horvath, Defendants-Appellants,**

v.

**MASMO, INC. (Formerly known as Massachusetts Mohair Plush Company,
Inc.), Defendant.**

**No. 494, Docket 35558.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 17, 1971.

Decided April 2, 1971.

David Fisher, New York City (Manes, Sturim, Roth & Fisher, Paul A. Douglas, New York City, of counsel), for defendants-appellants.

Richard S. Toder, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., David Paget, Asst. U.

---

S. Atty., of counsel), for plaintiff-appellee.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

JOSEPH J. SMITH, Circuit Judge:

Defendants appeal from a decision of the United States District Court for the Southern District of New York (Harold R. Tyler, Jr., Judge), denying their motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, to vacate the default judgment entered against them for over $3 million. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * * (6) or any other reason justifying relief from the operation of the judgment.

Defendants argue that Judge Tyler's refusal to grant their motion constitutes an abuse of the discretion which is provided the trial judge by the terms of the Rule. We find no abuse of discretion, and affirm the denial of defendant's motion.

The suit which gave rise to the judgment in question was an action brought by the United States as a judgment creditor of a now defunct corporation known as Horvath Mills, Inc., against the defendants to recover an amount alleged under New York law to have been improperly transferred by the corporation to them. In 1958, the United States obtained a judgment against Horvath Mills. Since Horvath Mills was found to be insolvent, the present action against the Horvaths and Masmo, Inc. was filed in January, 1964 after the government discovered the transferral of assets. In January, 1970, the district judge called a pretrial conference and informed counsel that trial would commence on or about February 18, 1970. On February 17, 1970, defendants Ernest and George Horvath filed voluntary petitions in bankruptcy in the district court. Discussions between counsel concerning termination of the litigation by either a consent or default judgment followed. On March 16, 1970, the government filed before the Referee in Bankruptcy proofs of claim against the two Horvath defendants, reciting the claim in the sum of more than $3 million.

In April, 1970, Assistant United States Attorney Toder discussed with a member of the law firm representing the Horvaths the conclusion of the case. Judge Tyler found that the defense attorney informed the government that although defense counsel would not stipulate to a judgment, they would not oppose the entry of a default judgment. Defendants dispute the accuracy of this finding, but it is apparently not disputed that the Assistant United States Attorney mailed to counsel notice of settlement of a judgment to terminate the litigation, and until filing of the motion in issue here, no objection to the proposed judgment was filed. Default judgment was entered on April 28, 1970.

In May, 1970, the government examined Mrs. Ernest Horvath in the bankruptcy proceedings in the district court. At this time it was learned that in 1965 and 1966, Ernest Horvath had transferred to his wife title to their cooperative apartment, and that she had later sold this apartment and used the proceeds to purchase another apartment and various securities. New York Debtor and Creditor Law, McKinney's Consol. Laws, c. 12, § 273–a provides that a conveyance made without fair consideration at a time when the transferor is a defendant in an action is fraudulent as to the plaintiff in that action without regard to actual intent if the transferor-defendant fails to satisfy the judgment once it has been entered. Thus it is likely that the trustee in bankruptcy will succeed in voiding the transfer to Mrs.

Horvath, making those assets subject to the default judgment.

The motion seeking relief from the judgment under Rule 60(b) was filed on June 12, 1970. Defendants argue that due to illness and certain changes in the law firm handling defendants' case, neither proposed entry of the judgment nor its actual entry came to the attention of the member of the firm handling the bankruptcy. It was further contended that a younger lawyer mistakenly assumed that the filing of bankruptcy proceedings automatically stayed the suit. Judge Tyler found, however, that "[the senior member] was well aware of the contemplated judgment and the later entry thereof in this suit." Despite defendants' protestations to the contrary, we conclude that this finding is adequately supported in the record. Although in his affidavit the senior member states that at the time he prepared the bankruptcy schedules (February 1–17) he was not aware of the litigation, at no time does he deny knowledge of the action as of March or April, 1970, the crucial period in this case, since it was during that time that the acquiescence of defense counsel in the proposed and ultimately entered default judgment took place.

Once it is accepted that the senior member knew that entry of the judgment was imminent, the contention that judgment was unopposed solely because a younger lawyer thought the action was automatically stayed becomes highly suspect. It thus follows, as Judge Tyler concluded, that in deciding not to oppose entry of judgment defendants "pursued an intelligible, purposeful course of conduct." In other words, since defense counsel was apparently unaware of the effect of New York Debtor and Creditor Law § 273–a, they purposefully agreed to accept entry of judgment.

The law in this circuit is reasonably clear when a conscious decision has been made by counsel, ignorance of the law "is not the sort of 'excusable neglect' contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment." Ohliger v. United States, 308 F.2d 667 (2d Cir. 1962) (per curiam). In Dal International Trading Co. v. Sword Line, Inc., 286 F.2d 523 (2d Cir. 1961), a creditor entered into a stipulation expunging its claim in an arrangement proceeding, believing that it was legally able to enforce its claim in admiralty. As the facts developed, it became apparent that such a belief was mistaken, and the creditor sought to reopen the judgment on the basis of Rule 60(b). Judge Kaufman, the district judge, refused, and this court affirmed. "[G]enerally a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortunate." 286 F.2d at 525. This ruling is applicable to the present case. See also, Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299 (2d Cir.) (per curiam), cert. denied, 358 U. S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958).

Defendants' argument that Judge Tyler abused his discretion in failing to grant relief under Rule 60(b)(6) is also without merit. Although the view of this circuit is not universally held, see Patapoff v. Vollstedt's, Inc., 267 F.2d 863 (9 Cir. 1959), it is our belief that Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. See Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir. 1967); 7 Moore's Federal Practice ¶ 60.27[1] (2d ed. 1970). Since the alleged grounds for relief under Rule 60(b) here concerned mistake, only Rule 60(b)(1) is applicable.

The decision denying vacation of the default judgment is affirmed.