883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isam KIZY, d/b/a Lafield Market, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant-Appellee.
 No. 88-2167.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before MERRITT and KENNEDY, Circuit Judges, and JAMES D. TODD, District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Isam Kizy appeals from the District Court's denial of relief under Fed.R.Civ.P. 60(b) from his voluntary dismissal of a suit against the United States Department of Agriculture ("USDA") challenging his disqualification from the Federal Food Stamp Program. Because the District Court did not abuse its discretion in denying relief under Rule 60(b), we affirm its judgment.
 
 
 2
 Appellant owns Lafield Market, a Detroit food store which participated in the Federal Food Stamp Program. The USDA permanently disqualified his participation in the program on March 30, 1988, after an alleged employee purchased food stamps from an undercover USDA agent. Appellant obtained administrative review of the disqualification, which was upheld on June 8, 1988, and which was to become effective July 19, 1988. He then sought judicial review of the decision in Wayne County Circuit Court. That action was removed to the United States District Court for the Eastern District of Michigan on June 27, 1988. Appellant's motion for a temporary stay of the administrative action was denied on July 21, 1988. Appellant's counsel then advised him to stipulate to a dismissal of the action. The suit was dismissed with prejudice on August 18, 1988. Appellant asserts that counsel informed him that to prevail in his action for judicial review, he would have to produce tax records of the person suspected of selling food stamps to the USDA agent, which was something appellant either could not or would not do.[1] He has now learned from subsequent counsel that producing such records would not be necessary. Appellant then filed a motion to set aside the order of dismissal under Rule 60(b)(1) and (6), claiming that his stipulation to dismiss was based on a mistake or, alternatively, that there were exceptional circumstances which justify setting the dismissal aside. The District Court found that appellant consciously decided upon the advice of counsel to dismiss his action and therefore denied Rule 60(b) relief.
 
 
 3
 The district court is given discretion to grant Rule 60(b) relief. In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). On review, its decision may be set aside only if it constitutes an abuse of discretion. Id.; Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.), cert. denied, 454 U.S. 1084 (1981). The portions of Rule 60(b) relevant to this appeal provide:
 
 
 4
 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment....
 
 
 5
 To obtain relief under Rule 60(b)(1), "the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious defense." Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). Since appellant failed to meet either element of this test, the District Court's denial of relief under Rule 60(b)(1) was not an abuse of discretion.
 
 
 6
 With regard to the first element, it is unclear whether appellant is claiming relief because of mistake, inadvertence, or excusable neglect. Regardless of the specific basis for relief, this Court has held that "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." Federal's, Inc. v. Edmonton Inv. Co., 555 F.2d 577, 583 (6th Cir.1977) (citing United States v. Erdoss, 440 F.2d 1221 (2d Cir.), cert. denied, 404 U.S. 849 (1971)). Appellant claims that a "deliberate decision" is one made based on reliable information, and because appellant's decision to dismiss his suit was based upon his counsel's erroneous statement of the law, it cannot be considered deliberate. However, "when a conscious decision has been made by counsel, ignorance of the law 'is not the sort of "excusable neglect" contemplated by ... Rule 60(b) ... as ground for vacating an adverse judgment.' " Erdoss, 440 F.2d at 1223. Here, appellant's counsel advised him to dismiss his action. The fact that he gave this advice out of ignorance does not constitute a "mistake" or "excusable neglect" under Rule 60(b). Dal International Trading Co. v. Sword Line, Inc., 286 F.2d 523 (2d Cir.1961) involved facts almost identical to the present case. In Dal, a creditor stipulated to expunge its claim in an arrangement proceeding under the mistaken belief that it could enforce its claim in admiralty. The creditor sought Rule 60(b) relief once it discovered its belief with regard to the law was mistaken. The Second Circuit refused to apply Rule 60(b), saying that "a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortunate." Id. at 525. Appellant's reliance on his counsel's advice to dismiss is thus not the kind of mistake or excusable neglect Rule 60(b) was designed to remedy. Appellant accepted his attorney's advice freely and consciously. The fact that it was later found to be unwise or unfortunate does not provide grounds for relief under Rule 60(b).
 
 
 7
 In re Salem Mortgage Co., 791 F.2d 456 (6th Cir.1986) cited by appellant to support its claim for relief under rule 60(b)(1) is inapposite. Salem involved an attorney who mistakenly signed a stipulation of fact limiting him to one ground for relief. The Salem Court said this was a different kind of mistake than consciously relying on an unsuccessful legal theory for which Rule 60(b) relief is not available. Rather, it involved inadvertence in signing the stipulation and as such was excusable under Rule 60(b).
 
 
 8
 Appellant also claims he is entitled to relief under Rule 60(b)(6), the "catch-all" provision of Rule 60(b). He argues that since he is a recent immigrant from Iraq with little knowledge of either the American legal system or the English language, his circumstances constitute a "reason justifying relief from the operation of the judgment" because he agreed to dismiss his suit upon the advice of counsel and without realizing that his dismissal would entail permanent exclusion from the Federal Food Stamp Program as well as the Women's, Infant's and Children's Program, the major source of his business.
 
 
 9
 Rule 60(b)(6) should be used only in exceptional circumstances, Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986), and it can only be used in situations not covered by Rule 60(b)(1)-(5). Steinhoff v. Harris, 698 F.2d 270, 276 (6th Cir.1983). Legal error is a claim "subsumed in the category of mistake under Rule 60(b)(1)." Pierce, 770 F.2d at 451. Since appellant's claim is founded on such error, it is cognizable under Rule 60(b)(1), thus rendering Rule 60(b)(6) relief unavailable. However, even if appellant could make out a claim under Rule 60(b)(6), we believe that Ackermann v. United States, 340 U.S. 193 (1950) resolves the issue adversely to appellant. Ackermann involved a plaintiff who sought to set aside a denaturalization judgment under Rule 60(b)(6) because, on the advice of the Alien Control Officer, he refused to appeal the judgment after the Officer advised him to keep his house, and his attorney told him he would have to sell his house to pay for the appeal. The Court refused to grant relief under Rule 60(b)(6), stating:
 
 
 10
 Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as [sic] follows a free choice. Petitioner cannot be relieved of such a choice [under Rule 60(b)(6) ] because hindsight seems to indicate to him that his decision not to appeal was probably wrong....
 
 
 11
 Ackermann, 340 U.S. at 198.
 
 
 12
 In this case, appellant agreed to dismiss his suit either because he did not wish to produce the tax records of his purported employee or did not have such records and did not feel that it was worth proceeding with the challenge to his disqualification from the food stamp program, or, because he planned to sell or otherwise transfer his business. Even though under his claim he relied on the mistaken advice of his counsel, appellant made a considered choice to dismiss his suit. He thus fails the first element of Marshall.
 
 
 13
 Even if the advice given to appellant were a "mistake" within the meaning of Rule 60(b), he cannot obtain relief unless he can show that he had a "meritorious defense."[2] Marshall, 615 F.2d at 1160. Appellant's defenses are: 1) that he was an absentee owner of the store and hence not aware of any food stamp trafficking; 2) that the person who sold the stamps was not a regular employee of the store; and 3) that permanent disqualification from the food stamp program is too harsh a punishment. None of these constitutes a "meritorious defense."
 
 
 14
 We first note that appellant does not deny that an illegal transaction occurred between the USDA agent and a person acting as a cashier in appellant's store. Nor does he deny that the person who sold food stamps to the agent was working in the store with appellant's permission. The allegation that appellant was not personally involved in the trafficking does not shield him from disqualification from the program. In Kulkin v. Bergland, 626 F.2d 181 (1st Cir.1980), the court stated:
 
 
 15
 While plaintiff denied having personally violated the [Food Stamp] Act, there were no affidavits of denial from the store personnel identified in the government's affidavit. Plaintiff's personal non-involvement would not prevent his store's disqualification. The disqualification section ... requires only "a finding ... that such store ... has violated any of the [Food Stamp Act] provisions.... An improper sale by a cashier is sufficient to establish a violation.
 
 
 16
 Id. at 183 (emphasis added) (footnote omitted); see also Jedatt, Inc. v. United States Dept. of Agriculture, 488 F.Supp. 261, 262 n. 6 (E.D.Mich.1980); Marbro Foods, Inc. v. United States, 293 F.Supp. 754, 755 (N.D.Ill.1968). Appellant's lack of involvement or knowledge of food stamp trafficking at his store is thus not a meritorious defense under Marshall.
 
 
 17
 Appellant's defense that the person trafficking the food stamps was not his "regular employee" is likewise unmeritorious. Nothing in the Food Stamp Act or the relevant regulations requires that a trafficker be a "regular employee" to subject his employer to permanent disqualification from the program.[3]
 
 
 18
 Appellant's last defense--that permanent disqualification is too harsh a penalty--is totally without merit. 7 U.S.C. Sec. 2021(b)(3) and 7 C.F.R. Sec. 278.6(e)(1)(i) both require permanent disqualification from the food stamp program of any store upon the first occurrence of food stamp trafficking. See also Bordelon v. Block, 810 F.2d 468, 471 (5th Cir.1986). The harshness of the penalty is not a cognizable defense, since permanent disqualification is the only punishment prescribed by the statute and regulation. In addition, federal courts are without jurisdiction to review the length of suspension or disqualification from the program. Review extends only to the merits of the case, not to the period of suspension. Jedatt, 488 F.Supp. at 264. Therefore, because the District Court would not be able to review the severity of the penalty on remand, this defense is not meritorious.
 
 
 19
 Appellant failed to establish the existence of a mistake within the meaning of Rule 60(b)(1), or that he had a meritorious defense to the action from which Rule 60(b) relief is sought. The District Court thus did not abuse its discretion in denying appellant's request for relief from judgment.
 
 
 20
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 The record also shows that appellant voluntarily dismissed his suit because he was selling his store. In an affidavit filed by the USDA, Sheila Bausano, a Program Specialist with the Food and Nutrition Service of the Department of Agriculture, stated that appellant indicated to her that he "dropped his court case because it cost too much money and he was going to sell his store anyway." J.A. at 87. Geneva Halliday, an Assistant United States Attorney involved in the case, stated in her affidavit that she was "contacted by Kizy's attorney who indicated that his client did not wish to proceed because he had sold the store." J.A. at 88
 
 
 [2]
 A "meritorious defense" is merely a "defense good at law." Matter of Park Nursing Center, Inc., 766 F.2d 261, 264 (6th Cir.1985). "[T]he test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." Id
 
 
 [3]
 Appellee points to 7 U.S.C. Sec. 2021(b)(3) (permanent disqualification on the first occurrence of "the purchase of coupons or trafficking in coupons or authorization cards by a retail food store") and 7 C.F.R. Sec. 278.6(e)(1)(i) (Food and Nutrition Service shall disqualify stores permanently if "[p]ersonnel of the firm have trafficked in coupons") to show that disqualification can occur without regard to whether the person trafficking is a "regular employee."