Defendant-appellant, Jill Kinder (Childs), appeals the denial of her Civ.R. 60(B) motion seeking to set aside the qualified domestic relation order ("QDRO") of the Butler County Court of Common Pleas, Division of Domestic Relations. We affirm.
Appellant and appellee, Dan B. Childs, were divorced by a judgment entry and decree of divorce filed February 16, 1995. We note that this is the third time the parties have been before this court in reference to their divorce nearly four years ago. One asset which was divided in the original judgment entry and decree of divorce was a savings plan which had accrued through appellee's employer. Appellant was named the alternate payee on the plan. Since the plan was considered part of appellee's retirement benefit, the account was divided by a QDRO. The QDRO was drafted and approved by appellant, stating in part:
 From the vested Accounts of the Participant under the Plan, the Alternate Payee may receive a single lump sum cash distribution of 44.4% of the value of the Participant's Accounts determined as of July 19, 1994[.] * * * The specified single lump sum amount shall be Alternate Payee's sole entitlement under the Plan. All other amounts in Participant's Accounts currently or in the future, including allocations of earnings, losses, and contributions shall not be distributed in whole or in part to Alternate Payee and shall belong solely to Participant.
The QDRO was signed by both parties and filed on August 7, 1997. On November 7, 1997, appellant filed a motion to set aside the QDRO. Appellant intended to amend the QDRO allowing her to receive interest on her portion of the plan since July 19, 1994 because she had not yet received the lump sum amount due to the delays and appeals involved in this case. Appellant claimed that she and her attorney both believed that the QDRO as originally drafted allowed her to receive interest on her share of the plan, and that this mistaken interpretation of the QDRO entitled her to relief under Civ.R. 60(B)(1).[1] The trial court denied appellant's motion. Appellant timely filed this appeal raising three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT APPLIED CONTRACT LAW TO DECIDE A MOTION PURSUANT TO CIVIL RULE 60(B).
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT DENIED HER CIVIL RULE 60(B) RELIEF, ON THE BASIS IT WOULD BE UNJUST TO ALLOW HER TO PROFIT FROM HER COUNSEL'S ERROR.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FAILING TO SET ASIDE THE QDRO SO THAT LANGUAGE COULD BE ADDED THAT WOULD ALLOW THE APPELLANT TO RECEIVE THE INTEREST EARNED SINCE JULY 19, 1994, ON HER PORTION OF THE SAVINGS PLAN.
To prevail on a motion brought under Civ.R. 60(B), appellant must demonstrate that (1) she has a meritorious defense or claim to present to the court if relief is granted, (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and (3) the motion is made within the time provided by the Rule. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any one of the three requirements is not met, the motion should be denied. Id. at 151. Further, a Civ.R. 60(B) motion is addressed within the sound discretion of the trial court, and the court's ruling will not be disturbed by a reviewing court absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion involves more than an error of judgment by the trial court; it connotes an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Under her first assignment of error, appellant argues that the trial court used the incorrect legal standard in ruling on her motion because the court used general contract principles, rather than the standard set forth in GTE. It appears that appellant drew this conclusion from the wording of the trial court's hand-written entry which stated: "[T]he court does not permit relieve [sic] to defendant as any mistake that may exist was due to the document drafted by defendant counsel. Further the court concludes that to allow the defendant to profit from such terms would not be just, as such terms were unambiguous."
The record reflects that appellant was a fully-trained paralegal, that counsel for appellant drafted the QDRO, that appellant read the QDRO, and that appellant authorized her attorney to sign it for her. Yet, appellant claims that both she and her attorney did not understand the meaning of the clearly worded QDRO. It appears that the trial court found appellant's claim of mistake to be lacking in credibility. Unlike appellant, we do not read the trial court's entry as evidence that the court applied the wrong law, but rather as evidence that the trial court found that appellant failed to prove that she was truly mistaken. Thus, appellant failed to meet GTE's second requirement and was not entitled to have the judgment set aside.
A review of case law shows that relief from judgment may be denied if "the judgment resulted from deliberate action, or the moving party or his attorney made an informed choice, but not the best choice." Antonopoulos v. Eisner (1972), 30 Ohio App.2d 187,194, citing Dal International Trading Co. v. Sword Line, Inc. (C.A. 2, 1961), 286 F.2d 523, 525. Thus, even if appellant did make a mistake, she did not make an adequate showing of why she should be excused for her failure to avoid the mistake. Appellant's deliberate actions in drafting, approving, and signing the QDRO preclude her from demanding relief from her informed choice, even though it may not have been the best choice.
We cannot say that the trial court's decision was unreasonable, arbitrary, or unconscionable, and thus, we find that the trial court did not abuse its discretion in denying appellant's motion. Appellant's first assignment of error is overruled.
Under her second assignment of error, appellant argues that the trial court erred by denying her motion because appellant should not be penalized due to an error by her own attorney. As stated above, we do not interpret the trial court's entry as applying an incorrect legal standard, but rather as a finding that appellant failed to show a mistake as required by Civ.R. 60(B)(1). However, we note that generally "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." GTE at paragraph four of the syllabus. "Any mistake * * * as set forth in Civ.R. 60(B)(1), by counsel for a party does not entitle that party to relief from judgment under the rule." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 393. Accordingly, appellant's second assignment of error is overruled.
Under her third assignment of error, appellant argues that the trial court generally erred by failing to set aside the QDRO so that appellant could amend the language. The QDRO was signed and approved by appellant and her counsel. As indicated in response to appellant's first and second assignments of error, appellant's Civ.R. 60(B) motion was properly denied. Appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Civ.R. 60(B) states: "On motion and upon such terms as are just, a court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."