**JGB ENTERPRISES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 01–680C.

United States Court of Federal Claims.

May 3, 2006.

Joseph A. Camardo, Jr., Auburn, New York for plaintiff.

Nancy M. Kim, Trial Attorney, Franklin E. White, Jr., Assistant Director, David M. Cohen, Director, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C. for defendant.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

This case is presently before the United States Court of Appeals for the Federal Circuit on plaintiff's appeal and defendant's cross-appeal from this Court's judgment entered December 22, 2004. Before this Court are plaintiff's December 22, 2005 motion for relief from judgment and plaintiff's March 15, 2006 amended motion for relief from judgment.[1] For the reasons set forth below,

---

**5.** Plaintiff's collateral estoppel argument need not be addressed as Plaintiff is precluded from relief under § 6331(i)(1).

**1.** On March 16, 2006, the Court of Appeals granted plaintiff's unopposed motion to stay proceedings in that court pending this Court's consideration of plaintiff's motion for relief from judgment. The Court of Appeals directed JGB to file a motion in the Court of Appeals to remand the case to this Court "if the Court of Federal

plaintiff's original motion for relief from judgment is DENIED as moot and plaintiff's amended motion for relief from judgment is DENIED.

## BACKGROUND [2]

In its Opinion and Order entered December 22, 2004, the Court held, *inter alia,* that plaintiff, JGB Enterprises, Inc. ("JGB"), was not a third-party beneficiary of purchase order SP0750–00–M–4191 ("PO 4191"). *See JGB Enters., Inc. v. United States,* 63 Fed.Cl. 319, 334–35 (2004). On December 22, 2005, plaintiff filed a motion for relief from judgment ("Pl.'s Mot.") under Rule 60(b)(2) and (3) of the Rules of the Court of Federal Claims ("RCFC"), requesting relief from the portion of the judgment pertaining to plaintiff's claim with respect to PO 4191. Plaintiff's motion was based upon the post-judgment receipt by plaintiff, pursuant to a request under the Freedom of Information Act, of a Military Interdepartmental Purchase Request ("MIPR") Chronology Sheet for PO 4191 that defendant allegedly did not produce during discovery.

On January 4, 2006, defendant filed an unopposed motion for enlargement of time within which to file its response to plaintiff's motion, which the Court granted. Defendant represented in its motion that plaintiff's counsel had stated that he would withdraw plaintiff's RCFC 60(b) motion should it be determined that defendant produced the MIPR Chronology Sheet to plaintiff in discovery. On February 3, 2006, defendant filed another unopposed motion for an enlargement of time (also granted), further representing that the parties had come into agreement that the Government had, in fact, produced the MIPR Chronology Sheet for PO 4191 during discovery. Defendant informed the Court, however, that plaintiff intended to file "a motion to amend its motion for relief from judgment based upon another theory." On March 7, 2006, the Court issued

an Order observing that it had "yet to receive any such amended motion or any other filing from plaintiff." The Court therefore ordered "that plaintiff show cause why its RCFC 60(b) motion for relief from judgment should not be denied due to the fact that the MIPR Chronology Sheet was, in fact, disclosed during discovery." The Order established a deadline of March 17, 2006 for plaintiff to make such a showing.

On March 15, 2006, plaintiff filed an amended motion for relief from judgment ("Pl.'s Am. Mot.") "pursuant to Rule 60(b)(1), (2), and (6)." Pl.'s Am. Mot. at 6. JGB now argues that "the MIPR [Chronology Sheet] should have been introduced into evidence during trial" because it indicates that defendant issued a modification to PO 4191 changing the remittance address from Michael Kawa, Esq. ("Kawa") to Capital City Pipes ("Capital City"), which in turn is relevant to "the issue of knowledge by the Contracting Officer of JGB's relationship with Kawa." *Id.* at 1–2. Plaintiff further states that the Government never provided plaintiff with a copy of the alleged modification. *Id.* As an alternative basis for relief from judgment, plaintiff asserts that if defendant issued no such modification to PO 4191, then the Court should grant plaintiff relief from judgment "to join Kawa as an indispensable party to this litigation." *Id.* at 2.

Defendant filed an opposition to plaintiff's amended motion for relief from judgment ("Def.'s Opp'n") on April 7, 2006.[3] Plaintiff filed a reply to defendant's opposition ("Pl.'s Reply") on April 19, 2006. After having carefully considered the briefs of the parties and their respective positions, the Court concluded that oral argument was unnecessary.

## DISCUSSION

### I. Plaintiff's Original Motion for Relief from Judgment Is Moot

Plaintiff's December 22, 2005 motion for relief from judgment was premised entirely

Claims indicates it might grant the Rule 60(b) motion."

**2.** The facts of the case are fully set forth in the Court's Opinion and Order of December 22, 2004. *See JGB Enters., Inc. v. United States,* 63 Fed.Cl. 319 (2004). This Opinion and Order

assumes familiarity with the Court's earlier decision.

**3.** In its Order of February 7, 2006, the Court relieved defendant of any requirement to respond to plaintiff's original RCFC 60(b) motion.

on the allegation that defendant failed to produce the MIPR Chronology Sheet for PO 4191 during discovery. The parties agree that defendant did, in fact, produce the MIPR Chronology Sheet during discovery. Plaintiff's original RCFC 60(b) motion is therefore moot.

## II. Plaintiff's Amended Motion for Relief from Judgment is Untimely

■ RCFC 60(b) provides that a motion for relief from judgment "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." RCFC 6(b) states that the Court "may not extend the time for taking *any action* under RCFC 52(b), 54(d)(1), 59(b), (d), and (e), and *60(b)*, except to the extent and under the conditions stated in them." (Emphasis added.) The one-year limitation period, therefore, strictly bars any motion for relief under RCFC 60(b)(1), (2), or (3) filed more than one year after the entry of judgment. *See Ackermann v. United States,* 340 U.S. 193, 197, 71 S.Ct. 209, 95 L.Ed. 207 (1950) ("A motion for relief because of excusable neglect as provided in Rule 60(b)(1) must, by the rule's terms, be made not more than one year after the judgment was entered.").

The Court issued its Opinion and Order directing the entry of judgment for defendant on the PO 4191 claim on December 22, 2004, and the Clerk entered judgment on the same date. Plaintiff did not serve its amended motion until March 14, 2006 or cause it to be filed until March 15, 2006, nearly one year and three months after the entry of judgment. Plaintiff's only argument against defendant's contention that the amended motion is time-barred is as follows: "[J]ustice would be served by Mr. Kawa being paid. As such, the one-year time limitation would not apply in this case. The issue is whether or not JGB's motion was brought in a reasonable amount of time." Pl.'s Reply at 2.

Contrary to plaintiff's assertion, however, the issue is whether plaintiff made its motion "not more than one year after the judgment, order, or proceeding was entered or taken." RCFC 60(b). For purposes of determining the applicability of the one-year limitation, plaintiff's alternative grounds for relief from judgment, "that the MIPR [Chronology Sheet] should have been," but was not, "introduced into evidence during trial," Pl.'s Am. Mot. at 1, and that "JGB's previous counsel failed to add Kawa as an indispensable party," *id.* at 2, can only be construed as allegations of "mistake, inadvertence, surprise, or excusable neglect" under RCFC 60(b)(1).[4] A motion pursuant to RCFC 60(b)(1) is time-barred if made more than one year after the entry of judgment. *See* RCFC 60(b); *Ackermann,* 340 U.S. at 197, 71 S.Ct. 209. Furthermore, plaintiff's reference to RCFC 60(b)(6) is unavailing for purposes of avoiding the one-year limitation. The provisions of Rule 60(b)(1) and (b)(6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863, and n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (" 'extraordinary circumstances' are required to bring the motion within the 'other reason' language and to prevent clause (6) from being used to circumvent the 1–year limitations period that applies to clause (1). This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.")). The one-year limitations period therefore applies to, and precludes, plaintiff's amended motion.

■ Finally, the fact that plaintiff's original RCFC 60(b) motion was timely filed on December 22, 2005 does not prevent plaintiff's amended motion from being time-barred. Even if plaintiff had argued, by

---

4. Plaintiff merely cites RCFC 60(b)(1), (2), and (6) in the concluding paragraph of its amended motion, but does not indicate which of its allegations and arguments correspond to each provision. *See* Pl.'s Am. Mot. at 6. Plaintiff's reply mentions only RCFC 60(b)(1) and 60(b)(6), but also sheds no light on which factual allegations and arguments plaintiff contends are relevant to each provision. *See* Pl.'s Reply at 2–3.

analogy to RCFC 15, that its amended motion effectively related back to the original motion, such an argument would fail in the context of an amended RCFC 60(b) motion. RCFC 6(b) provides that the Court "may not extend the time for taking *any action* under" RCFC 60(b) "except to the extent and under the conditions stated [therein]." (Emphasis added.) Plaintiff's amended motion clearly falls within "any action" under RCFC 60(b), and the rule does not establish any "extent" to which, or "conditions" under which, the Court may extend the time for such an amended motion. An amended motion must, therefore, be made "not more than one year after the judgment ... was entered ...," regardless of whether the original RCFC 60(b) motion was timely filed, and this Court may not extend that period. RCFC 60(b). The Tenth Circuit reached this result in *Sorbo v. United Parcel Service*, 432 F.3d 1169 (10th Cir.2005). In *Sorbo*, as in this case, plaintiff filed its original Rule 60(b) motion on the last day of the one-year limitation period. *Id.* at 1177. "Plaintiff later filed an amended Rule 60(b) motion, well beyond the one-year limit." *Id.* The court affirmed the district court's denial of the amended motion as untimely, stating that "the rules appear to dictate" such a result. *Id.* The *Sorbo* court rejected plaintiff's argument that the court apply the relation-back principles of Rule 15, stating that:

> to disregard the limited scope of Rule 15 and allow use of its amendment and relation-back provisions to permit a belated motion under Rule 60(b) would violate the unqualified directive in Rule 6 that the court "may not extend the time for taking any action under Rule[ ] ... 60(b), except to the extent and under the conditions stated [there]in."

*Id.* (alterations in original); *see also Starns v. Avent*, 96 B.R. 620, 637 (M.D.La.1989) ("Rule 60(b) has no provision for relation back and [Rule 6] contains a specific prohibition against extending the time for filing certain motions, including a Rule 60(b) motion.") Likewise, in this case, the RCFC do not permit the Court to treat plaintiff's amended RCFC 60(b) motion as if it related back to plaintiff's timely original motion. Plaintiff's amended motion must therefore be denied as untimely.

## III. Even if It Had Been Timely Filed, Plaintiff's Amended Motion for Relief from Judgment Is Without Merit

Even if plaintiff's amended motion had been timely filed, it would still fail on its merits. RCFC 60(b)(1) allows the Court to relieve a party from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's arguments that trial counsel should have sought to admit the MIPR Chronology Sheet into evidence and that trial counsel should have joined Mr. Kawa as an indispensable party, but failed to do both, are, in effect, assertions that trial counsel's conduct was the result of excusable neglect. However, neither alleged omission constitutes excusable neglect.

The Supreme Court has stated that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.[5] Counsel's failure to introduce available evidence or to join an indispensable party, or counsel's affirmative decision that introducing the evidence or joining the party was either unnecessary or tactically undesirable, does not justify relief from an adverse judgment. Such decisions do not constitute excusable neglect under RCFC 60(b). *See Federal's, Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir.1977) ("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." (citing *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.1971))); *Naxon Telesign Corp. v.*

---

5. In the context of assessing whether a failure to make a timely filing constitutes excusable neglect, the *Pioneer* Court stated that the relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. This case does not involve a delay due to an untimely filing. However, to the extent the factors cited by the Court in *Pioneer* are applicable, this Court concludes that they weigh in defendant's favor.

*GTE Info. Sys., Inc.*, 89 F.R.D. 333, 337 (N.D.Ill.1980) ("It is well established that affirmative tactical decisions of counsel cannot constitute 'excusable neglect or mistake' under Rule 60(b)(1)." (citing *Federal's, Inc.*, 555 F.2d at 583)); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2858 (2d ed. 1995 & Pocket Pt.2005) ("A defeated litigant cannot set aside a judgment because of his failure to interpose a defense that could have been presented at trial, or because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court. Failure to seek out a witness, a party's failure to inform the attorney of relevant evidence, or reliance on an unsuccessful legal theory are considered affirmative tactical decisions for which relief will not be granted." (footnotes omitted)). Indeed, it would be unduly prejudicial to defendant to deprive it of a favorable judgment and force it to relitigate the PO 4191 claim based upon plaintiff's failure to utilize evidence that defendant timely produced during discovery or upon plaintiff's failure to join as a party an individual whose role in the case was evident to plaintiff from the outset.

Moreover, it is doubtful that plaintiff's trial counsel was neglectful at all in electing not to submit the MIPR Chronology Sheet as evidence or to join Mr. Kawa as a party to the litigation.[6] A review of the Chronology Sheet for PO 4191 clearly indicates that the entry concerning the alleged "modification" (entry for "11 MAY 2000/26 MAY 2000") was erroneously included on the PO 4191Chronology Sheet, and that the modification referred to on that sheet is actually Amendment A00001 to Modification P00002 to contract SP0750–99–C–2508 ("Contract 2508"). *See JGB Enters.*, 63 Fed.Cl. at 329. Precisely the same entry appears on the MIPR Chronology Sheet for Contract 2508 (submitted by defendant with its opposition brief). Even assuming *arguendo* that the Government made a modification to PO 4191 like the modification described on the MIPR Chronology Sheet, such a modification would be irrelevant to the Court's determination that the pre-award contracting officer[7] for PO 4191 did not know that Mr. Kawa was JGB's local attorney and was acting as an escrow agent to receive payment from the Government. *See id.* at 325, 334–35. The Chronology Sheet states: "Phil Kover, [Defense Finance and Accounting Service ("DFAS")] informed [Defense Contract Management Command ("DCMC")] that the remittance address needed to be made out with Capital City's name. DCMC issued the modification." Plaintiff offers no credible explanation as to how the need for a modification changing the remittance name *to Capital City* would put the contracting officer on notice of an arrangement *intended to benefit JGB*. It is difficult to ascertain how failure to offer the MIPR Chronology Sheet into evidence was a neglectful act of plaintiff's trial counsel or otherwise negatively impacted plaintiff's presentation of its PO 4191 claim.

Similarly, as defendant notes, the decision to litigate the claim solely on JGB's behalf, and not to join Mr. Kawa as a party, was consistent with plaintiff's legal position that JGB was the intended third-party beneficiary of PO 4191 and that Mr. Kawa was the escrow agent for the transaction. *See Def.'s Opp'n* at 6. If the Court had concluded that JGB was an intended beneficiary of PO 4191, it would have afforded full relief to JGB on that claim whether or not Mr. Kawa was a made a party. Thus, the failure to join Mr. Kawa was not an act of neglect by JGB's trial counsel.

Finally, as noted in Section II, *supra*, plaintiff's allegations cannot support the simultaneous pursuit of relief under RCFC 60(b)(1) and (b)(6) because the provisions are

---

6. Plaintiff has submitted no declaration from its trial counsel asserting that his conduct upon which plaintiff relies was due to excusable neglect. The Court was very favorably impressed by the manner in which JGB's trial counsel conducted himself and effectively represented the interests of his client during pretrial proceedings and at trial.

7. The pre-award contracting officer for PO 4191 (awarded on November 24, 1999) was Lu Ann Bocsy. The MIPR Chronology Sheet was prepared in August 2000 by Phyllis Moore, who was then the post-award contracting officer for Contract 2508 and PO 4191. *See Def.'s Opp'n*, App. at 1.

mutually exclusive and because plaintiff's entire amended motion is properly construed as seeking relief for "excusable neglect." *See Liljeberg,* 486 U.S. at 863 and n. 11, 108 S.Ct. 2194. However, even if RCFC 60(b)(6) were available to plaintiff here, this case does not present the "extraordinary circumstances" required to warrant relief under that provision. *See id.* at 863–64 and n. 11, 108 S.Ct. 2194. To the extent plaintiff still seeks relief under RCFC 60(b)(2), plaintiff is not entitled to such relief because the MIPR Chronology Sheet was readily available to plaintiff in advance of trial, and plaintiff points to no other newly discovered evidence. Thus, even if plaintiff had timely filed its amended motion for relief from judgment, the Court would deny it as without merit.

## CONCLUSION

For the reasons set forth above, plaintiff's December 22, 2005 motion for relief from judgment is DENIED as moot. Plaintiff's March 15, 2006 amended motion for relief from judgment is DENIED.

**IT IS SO ORDERED.**