11-5135-cv
United States v. Manne

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee*,

          v.                                    No. 11-5135-cv

JOSEPH S. MANNE,
                    *Defendant-Appellant*,

STEVEN A. SCHURKMAN, ESQ., in his capacity as Trustee of the Jacob Manne Irrevocable Trust, JOHN DOE, in his capacity as the representative of the Estate of Jacob Manne, guardian Joseph S. Manne,
                    *Defendants*.*
-----------------------------------------------------------------------


APPEARING FOR APPELLANT:        AMBROSE M. RICHARDSON, III, Esq., New
                                York, New York.

---

* The Clerk of Court is respectfully directed to amend the caption as shown above.

APPEARING FOR APPELLEE:        LAWRENCE   H.   FOGELMAN (Sarah S. Normand, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 14, 2011, is AFFIRMED.

Defendant Joseph S. Manne appeals from the denial of his Fed. R. Civ. P. 60(b) motion to vacate a judgment entered against him in the amount of $1,290,000, plus interest, pursuant to a consent decree terminating litigation by the United States for reimbursement of environmental cleanup costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), see 42 U.S.C. § 9601 et seq. We review the denial of a Rule 60(b) motion for abuse of discretion, and we will uphold the denial unless it is based on an error of law or a clearly erroneous factual finding, or otherwise cannot be located within the range of permissible decisions. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011). Insofar as it informs the Rule 60(b) decision, "[w]e review a district court's interpretation of a consent decree de novo." Barcia v. Sitkin, 367 F.3d 87, 106 (2d Cir. 2004). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated on the record by the district court in its thoughtful and comprehensive oral opinion at the conclusion of the November 10, 2011 argument.

In urging reopening under Rule 60(b)(1) (allowing relief due to "mistake, inadvertence, surprise, or excusable neglect"), (b)(3) (same for fraud), and (b)(6) (same for "any other reason that justifies relief"), Manne presents a common argument: that an appraisal of five adjoining parcels of Dutchess County real estate ("Dutchess County property"), conducted in accordance with a consent decree terminating CERCLA litigation between the Environmental Protection Agency ("EPA") and Manne, was riddled with errors and oversights.[1]  While Rule 60(b) "should be broadly construed to do substantial justice," Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (internal quotation marks omitted), it may be "invoked only upon a showing of exceptional circumstances," id., which are not present here.

We need not consider or decide whether a non-party's appraisal error may constitute the relevant "mistake" under Fed. R. Civ. P. 60(b)(1) because the consent decree bars consideration of Manne's argument.  See Berger v. Heckler, 771 F.2d 1556, 1568 (2d Cir. 1985) (noting due deference owed to "plain meaning" of decree's language and to "normal usage of the terms selected," along with court's inability to "expand or contract" parties' agreement); see also Perez v. Danbury Hosp., 347 F.3d 419, 424 (2d Cir. 2003) ("A court may not replace the terms of a consent decree with its own, no matter how much of an

---

[1] Among the appraisal's asserted flaws are the improper use of property sales in Orange County as comparators and a failure appropriately to take into account myriad environmental and zoning-related obstacles to the property's development.  Moreover, Manne cites to the fact that the Dutchess County property was appraised for estate tax purposes at $1,050,000 in 2005, and for property tax purposes at only $647,000 for the period ending July 1, 2010, both amounts lower than the $1,290,000 appraisal made as of October 2010.  We need not pursue these points, however, for the reasons stated in this order.

3

improvement it would make in effectuating the decree's goals." (internal quotation marks omitted)). Here, paragraphs 6 and 8 of the decree are dispositive. Paragraph 6 directed the EPA to provide Manne with a "list of at least three approved real estate appraisers," from which Manne was to select one to appraise the Dutchess County property. Consent Decree ¶ 6, J.A. 38. These procedures indisputably were followed. Paragraph 8 states: "The Appraised Value of the Property as determined by the Selected Appraiser <u>shall be unreviewable</u> by any Party to this Consent Decree or by the Court." <u>Id.</u> ¶ 8 (emphasis added). Accordingly, to effectuate the parties' bargain, neither the district court nor this court may review the appraisal's merits, a function both are ill-equipped to discharge on this record in any event.

Manne's argument that the plain language of Paragraph 8 yields an unconscionable construction is not persuasive. <u>See</u> <u>Ragone v. Atl. Video at Manhattan Ctr.</u>, 595 F.3d 115, 122 (2d Cir. 2010) (describing requisite procedural and substantive aspects of unconscionability). The paragraph's waiver of judicial review was the product of arm's length negotiations between represented parties. Further, this is not the "'exceptional case[] where a provision of the contract is so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone.'" <u>Id.</u> at 122 (quoting <u>Gillman v. Chase Manhattan Bank, N.A.</u>, 73 N.Y.2d 1, 12, 537 N.Y.S.2d 787 (1988)). To the contrary, as the district court explained and as Manne concedes, the waiver reflected Manne's "calculated risk" that he would be able to sell the property for more than its appraised value, thereby capturing any gain without the EPA's being able to contest the appraisal. Nov. 10, 2011 Tr.

4

("Tr.") 38–39, Special App. 39–40. Further, Manne secured other benefits from the consent decree. In addition to terminating the CERCLA litigation and the further accrual of attorney's fees, Manne avoided having to forfeit the Dutchess County property or having to account for nearly $500,000 in cash that had been disbursed to him from his father's estate through a trust.

As for the possibility of relief from judgment for fraud, see Fed. R. Civ. P. 60(b)(3), Manne did not raise this ground in the district court, instead arguing only that the appraisal was invalid without "attribut[ing] subjective motives to the appraiser." Tr. 20, Special App. 21. Thus, the district judge could not have "abused his discretion in failing to reopen the . . . proceeding on a ground which was never presented to him." Dal Int'l Trading Co. v. Sword Line, Inc., 286 F.2d 523, 525 (2d Cir. 1961) (affirming denial of Rule 60(b) motion). Insofar as Manne now labels the appraisal fraudulent, he sets forth no facts that support that conclusion or that call into question either the EPA's good faith in identifying the list of candidates from which he chose an appraiser or the chosen appraiser's independence.[2]

Under the circumstances, the catchall provision in Fed. R. Civ. P. 60(b)(6) also affords

---

[2] In arguing otherwise, Manne cites primarily to holdings of New York State courts. To the extent New York law might, by analogy, be considered in assessing Manne's argument, see Schurr v. Austin Galleries of Ill., Inc., 719 F.2d 571, 576 (2d Cir. 1983) (evaluating validity of consent judgment by reference to New York contract law), it provides him no support, see In re Penn Cent. Corp. (Consol. Rail Corp.), 56 N.Y.2d 120, 130, 451 N.Y.S.2d 62, 68 (1982) (noting that mere "factual errors do not ordinarily affect the validity of an award" based on appraisal where "dissatisfied party . . . participated in the selection of an independent appraiser" (internal quotation marks omitted)).

5

Manne no relief.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (calling Rule 60(b)(1) and (b)(6) "mutually exclusive" and suggesting that (b)(6) is unavailable to party claiming mistake or neglect within one-year limitations period). Even if Rule 60(b)(6) were available in theory, "[a] failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6)."  United States v. Bank of N.Y., 14 F.3d 756, 760 (2d Cir. 1994) (denying relief from civil forfeiture judgment under Rule 60(b)(6) where parties had "bor[n]e the risks of litigation equally" and made "free, bilateral decisions to settle").

In sum, whatever concerns might be raised about the appraisal of the Dutchess County property, the courts must enforce the unambiguous terms of the parties' bargain as written. There being no merit to Manne's request, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court